[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR MODIFICATION (#122) MOTION FOR CONTEMPT (#126)
Before the court are the defendant's pendente lite motion for modification of unallocated alimony and child support (#122) and the plaintiff's motion for contempt pendente lite (#126).
This is an action for the dissolution of a marriage. This court entered pendente lite orders on September 24, 1998. Then, on November 2, 1998, the parties entered into an agreement which was made a court order (#121), and which substantially addressed the matter of fixing arrearages and entering orders for their payment.
This court held an evidentiary hearing on the motions. The court finds the following facts which have occurred subsequent to entry of the previous orders. The defendant's income from business is up slightly, from about $268 to $378 per week, net. His income from certain trusts is essentially unchanged, at an additional $664 per week, net. However, the defendant's mother stopped, about three months before the hearing, her voluntary payments in the nature of an allowance to the defendant, at $700 per week, net. Also, the defendant has tried but been unable to obtain a return of certain bail monies of $40,000 which were posted by the defendant (or, in part, by his mother), and which were occasioned by arrests of the defendant.
The court also finds that the home mortgage for February and March, 1999 (totaling $7,288) is unpaid, as is a lawn service bill ($580), a pool bill ($390), a sprinkler bill ($82), and a medical bill ($89). These expenses total $8,429. There was conflicting testimony as to whether a home oil bill and car lease payments had been made; the court accepts the defendant's representation that they have, in fact, been paid, subject to actual audit. There is also tile damage in the home, which repair the plaintiff estimates at $1,000. Further, the defendant was behind in the payment of so-called "discretionary" monies payable to the plaintiff (previously set at $2,500 per month) by $250, and behind $8,000, plus accrued interest, as an allowance for plaintiffs counsel fees. CT Page 4447
As to the motion for modification, the court finds that there has been a substantial change in the defendant's financial circumstances, to wit, the cessation of the mother's $700 weekly payments, and that the defendant is thereby entitled to some relief. This court, therefore, leaves intact, all pendente lite orders except for reducing the discretionary monies from $2,500 to $1,800 per month. This sum shall be made in equal payments of $900, semimonthly, on the first and fifteenth of each month, in advance. This order is retroactive to December 21, 1998. The defendant shall receive a credit for any excess discretionary monies, over the $1,800 monthly, since that date. The parties shall endeavor to calculate that credit, and the resultant credit to which the defendant is entitled, shall be satisfied by applying it at the rate of $300 per month against the discretionary monies to be paid to plaintiff subsequent hereto. The court reserves jurisdiction over this order in the event the parties cannot reach an agreement on the credit.
As to the motion for contempt, the court finds by clear and convincing evidence that the defendant has wilfully violated certain of its court orders for payment. There was uncontradicted and reliable evidence, and court so finds, that the defendant, at times when he was in arrears, paid certain non-obligatory expenses. Therefore, he had the ability to make, at least in part, court ordered payments on which he was in arrears. The court is mindful of the fact that some of these voluntary expenses were to or for the benefit of his minor children, so that the defendant's violation, while willful, was not completely egregious.
This court enters the following further orders as to the contempt:
 1. The home mortgage is to be brought current, if it has not been done already, by May 15, 1999.
 2. The defendant is to cause to be repaired the tile damage at actual cost but with a cap of $1,000, by May 31, 1999. The plaintiff is to allow the defendant or his agents reasonable access upon reasonable notice for the purpose of effecting said repairs.
 3. The plaintiff's attorneys' fees of $8,000, plus accrued interest, are to be paid as follows: $2,500 by May 15, 1999 and CT Page 4448 with payment of the balance suspended until further order of the court but accruing interest at the rate of 10% per annum until paid. However, in the event that the parties receive a tax refund, stipulated to previously, or the defendant receives all or any of his bail monies, said amounts are to be applied forthwith against the attorneys' fees arrearages.
So Ordered.
KAVANEWSKY, J.